IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMALL E. JOHNSON,<br>    Petitioner<br><br>    v.<br><br>MELINDA ADAMS, et al.,<br>    Respondents, | )<br>)<br>)<br>)  Case No. 1:22-cv-237<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

This *pro se* action for habeas corpus relief was filed by Petitioner Jermall E. Johnson pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence imposed by the Court of Common Pleas of Erie County, Pennsylvania. The petition was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rule 72.

On July 6, 2023, Chief Judge Lanzillo issued a Report and Recommendation recommending that the instant petition be denied as untimely and that a certificate of appealability be denied. ECF No. 15.

A review of the relevant timeline reveals that Petitioner's judgment of sentence became final on March 10, 2019, 30 days after his sentence was affirmed by the Superior Court of Pennsylvania in a February 8, 2019, filing. The one-year AEDPA limitations period began to run the following day.

Petitioner filed a PCRA petition on November 27, 2019, after 261 days of the AEDPA clock had run. The litigation of the PCRA petition tolled the running of the clock from November 27, 2019, until November 26, 2021, when time expired for Petitioner could file a petition for allowance of appeal in the Supreme Court of Pennsylvania.

The AEDPA clock began to run again on November 27, 2021, at which point 104 (365-261=104) days remained. The instant habeas petition was filed on July 21, 2022, 236 days later, approximately 132 (236-104=132) days after the expiration of the limitations period.

Petitioner filed Objections to the Report and Recommendation, ECF No. [20],[1] in which he asserts that, through the fault of the Superior Court of Pennsylvania, he was not aware of its February 8, 2019, affirmance of his judgment of sentence until May 16, 2019, when the trial court granted a motion providing Petitioner with a copy of his docket sheet. *Id.* at 2. Thus, he argues, he is entitled to equitable tolling for that period.

However, even assuming *arguendo* that he is indeed entitled to such tolling, the period from February 8, 2019, to May 16, 2019, constitutes 97 days. Because his petition was filed 132 days after the expiration of the limitations period, tolling for less than that amount would not affect the untimeliness of the petition.

After *de novo* review of the petition and the record, along with the Magistrate Judge's Report and Recommendation and Petitioner's objections thereto, the following order is entered:

AND NOW, this 6th day of June, 2025, IT IS ORDERED that the petition for a writ of habeas corpus, ECF No. [5], is DISMISSED as untimely.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Lanzillo, ECF No. [15], as supplemented herein, is adopted as the opinion of this Court. Petitioner's objections to the Report and Recommendation [20] are OVERRULED.

---

[1] Petitioner has also filed a brief in support of the merits of his petition, ECF No. [21], and a "Recommendation of Petitioner's Progress," ECF No. [22]. The Court has reviewed these filings but finds nothing therein that would change the outcome of this ruling.

Because jurists of reason would not find it debatable whether Petitioner failed to file his petition in a timely manner, IT IS FURTHER ORDERED that no certificate of appealability shall issue.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge